UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JO ANNE E. HASELTINE, | ) | |
| Plaintiff(s), | ) | No. C07-1605  BZ |
| v. | ) | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant(s). | ) | |

Plaintiff Jo Ann E. Haseltine seeks review of the Commissioner of Social Security's final decision that she did not qualify for social security insurance disability benefit payments prior to September 1, 2001.[1] The parties have filed cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion is **GRANTED IN PART** and the matter is **REMANDED** to the Commissioner of Social Security to determine the onset date of plaintiff's disability. Defendant's motion is **DENIED**.

---

[1] All parties have consented to my jurisdiction for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

On March 22, 2001, plaintiff filed an application for benefits contending her disability onset date was May 20, 2000. (Administrative Transcript ["AT"] 227.) After her application was denied several times, she had a hearing before Administrative Law Judge Lazuran. (AT 60, 67, 77.) She was accompanied by a non-lawyer representative.

During the hearing, Judge Lazuran suggested a compromise finding of disability with an onset date of September 2001.[2] (AT 566.) Plaintiff accepted the compromise, Judge Lazuran excused the vocational expert who was set to testify and issued a favorable decision on July 16, 2002 finding plaintiff disabled with an onset date of September 1, 2001. (AT 30 - 41.)

After the decision, plaintiff received a Notice of Award, informing her that her benefits would be reduced to reflect a worker's compensation payment. (AT 159 - 166.) Plaintiff appealed the workers' compensation offset issue to the Appeals Council. (AT 100.) Her appeal was silent as to the issue of the compromised onset date. Id. The onset issue was not

---

[2] According to the transcript of the hearing, Judge Lazaran stated "I've gone over this pretty thorough and, you know, I think, maybe I could suggest a sort of compromise in this case and that would be that there'd [sic] be an onset related to the time frame when Dr. [Newkirk] indicated her functioning was less than it had been. She's been a bit ambiguous about that. So, I think, you're going to need to talk to her about this. I don't know if it's acceptable to her but it appears that by September, 2001, he thought that she was much more limited than she had been before and that's, somewhat consistent with the statement from Dr. Shaunbraun who provided a statement, I believe, in July, 2001 although I don't believe he's been treating her. So I'm not sure, you know, how useful that statement is but why don't you talk to [plaintiff] about whether she'd be willing to accept that onset date in this case." (AT 566.)

2

1 addressed in subsequent decisions and reviews.  (AT 44, 55, 58
2 - 59, 107, 105, 123, 142.)

3    On March 30, 2004, plaintiff's representative, while
4 appealing a decision regarding the offset issue and an
5 overpayment issue, for the first time addressed the onset
6 issue.  (AT 147 - 48.)  The Appeals Council remanded
7 plaintiff's case, but not on the issue of the onset date.  (AT
8 149 -151.)  Administrative Law Judge Reite heard the remand
9 but denied a "motion to reopen" Judge Lazuran's decision as to
10 the onset date.  (AT 19 - 27.)  Plaintiff appealed Judge
11 Reite's decision and the Appeals Counsel denied her request
12 for review.  (AT 478 -79, 9 - 12.)  This suit followed.

13    The Social Security Commissioner's decision to deny
14 benefits will only be disturbed if it is not supported by
15 substantial evidence or is based on legal error.  Batson v.
16 Comm'r of Soc. Sec., 359 F.3d 1190, 1193 (9th Cir. 2004);
17 Lewis v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 2007).  Here
18 Judge Lazuran's compromise offer constituted legal error.

19    Although plaintiff is now represented by counsel, her
20 claims are not always cogently presented or supported by
21 authority.  What is clear is that plaintiff objects that
22 Judge Lazuran offered a compromise rather than developing the
23 record further on the issue of her onset date.

24    Based on the medical record and plaintiff's testimony, I
25 find that there was substantial evidence to support a finding
26 that plaintiff was disabled.  In particular, her treating
27 physician, Dr. Newkirk, had opined on September 28, 2001 that
28 plaintiff was "incapable of accepting gainful employment,

3

1  even at the sedentary or semi-sedentary levels". (AT 441.)
2  Dr. Newkirk stated in his report that he had been treating
3  plaintiff since June of 2000 for an injury that occurred in
4  December of 1999. (AT 440.) While it is true that Dr.
5  Newkirk did not opine as to the onset date, other than the
6  fact that his letter is dated September 28, 2001, there is
7  little reason to believe that the onset date was September 1,
8  2001 and, judging from the medical history, many reasons to
9  believe it may have been earlier. At that point, Judge
10 Lazuran had a "duty to investigate the facts and develop the
11 arguments both for and against granting benefits". Sims v.
12 Apfel, 530 U.S. 102, 111 (2000).[3] This could have been
13 accomplished by asking Dr. Newkirk for a further report,
14 having plaintiff examined by another doctor, or, perhaps, by
15 listening to the vocational expert who was waiting to
16 testify. 20 C.F.R. § 404.1512(e)(1). Instead of fulfilling
17 this duty, Judge Lazuran cut short the proceedings by
18 offering the compromise. This is where she erred legally,
19 inasmuch as nothing in the statutes or regulations that
20 govern an ALJ's duties at a disability hearing suggest that
21 the ALJ can avoid developing a complete record by offering a
22 compromise.[4]

---

[3]    See also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)(An ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."); Delorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)(ALJ's duty to develop the record "exists even when the claimant is represented.")

[4]    Because I find that the ALJ's conduct was inconsistent with her statutory duties, I do not reach plaintiff's constitutional claims.

4

Defendant does not contend that ALJs have the authority to offer a compromise to applicant.[5]  Instead, defendant argues that this Court does not have the authority to review Judge Lazuran's 2002 decision, because plaintiff did not raise the onset issue when she first appealed the ruling pursuant to  20 C.F.R. § 404.986.  Judge Reite refused to consider the onset issue for that reason.  In so arguing, defendant is confusing exhaustion of administrative remedies with exhaustion of issues.

As Sims v. Apfel makes clear, plaintiff exhausted her administrative remedies when she appealed Judge Lazuran's ruling, even though on different grounds.  "Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."  Sims, 530 U.S. at 112.  This is because the need for issue exhaustion is weak when the nature of the proceedings, as they are in the social security context, are non-adversarial.  Id. at 113.

Because plaintiff had not raised the onset date issue earlier, Judge Reite concluded plaintiff could not request him to review the issue and denied her "motion to reopen" Judge Lazuran's decision.  (AT 20 - 21, 27.)  Defendant contends that Judge Reite's determination not to reopen Judge Lazuran's 2002 decision was a discretionary decision pursuant

---

[5]     Even after the Court requested supplemental briefs on the question.  Defendant did however argue that Judge Lazuran's offer to plaintiff to stipulate to the September 2001 onset date did not constitute an offer of compromise.  However, the record states otherwise.  (AT 566.)

1  to 20 C.F.R. § 404.903(l), not a final decision that would be
2  subject to judicial review under 42 U.S.C. § 405(g) absent a
3  colorable constitutional claim.  See Califano v. Sanders, 430
4  U.S. 99, 106 - 07 (1977); Taylor v. Heckler, 765 F.2d 872,
5  877 (9th Cir. 1985).  Unlike Califano and Taylor, the onset
6  issue did not need to reopened, notwithstanding counsel's
7  choice of words, because plaintiff was still going through
8  the review process.  This court is reviewing Judge Lazuran's
9  conduct.  Applying Sims, plaintiff is not precluded from
10 seeking judicial review of the onset date merely because she
11 did not address that issue in her initial request for review
12 to the Appeals Council.  530 U.S. at 113.
13     Accordingly, plaintiff's motion for summary judgment is
14 **GRANTED IN PART** and the matter is **REMANDED** to the
15 Commissioner of Social Security to determine the onset date
16 of plaintiff's disability.[6]  Defendant shall submit a proposed
17 judgment by **December 28, 2007.**
18 Dated: December 10, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Haseltine v. Astrue\MSJ.REMAND.FINAL.VERSION.BZ.wpd

---

[6]  Plaintiff's request that the court make twelve other findings and determinations regarding her disability status is **DENIED**.

6